O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE GABRIEL GUTIERREZ RAMIREZ,<br><br>                Petitioner,<br><br>      vs.<br><br>TIM J. OCHOA, Warden,<br><br>                Respondent. | CASE NO. CV 12-4021 GAF (RZ)<br><br>ORDER SUMMARILY DISMISSING HABEAS ACTION |

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." For the second time in two actions, Petitioner purports to invoke habeas corpus but complains only about a former civil lawyer who allegedly cheated him. Granting his requested relief would not shorten his time in prison. Habeas relief is unwarranted.

      Petitioner Noe Gabriel Gutierrez Ramirez is a state inmate. In May 2012, the Eastern District of California transferred a habeas action by Petitioner to this Court, where it was assigned case number ED CV 12-00696 GAF (RZ). The Court summarily dismissed that action, explaining as follows:

[Petitioner] is dissatisfied with the lawyer who represented him in a civil action in the wake of an auto collision in 2008. He explains that counsel Katherine (incorrectly spelled "Kathering" in the petition) Lipel settled his suit for $7,500 without his consent and that she even forged his signature in doing so. But Petitioner does not pray for a reversal of any conviction or seek an accelerated release from confinement.

The principal purpose of a habeas corpus writ is to provide a remedy for prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking either immediate release or a sooner-than-currently-scheduled release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas petition, not civil rights action, was proper vehicle for seeking restoration of good-time credits). Here, if Petitioner's claims were to succeed, he would not thereby be entitled to an accelerated release from confinement.

Nor is § 1983 a proper form of relief. Petitioner simply alleges no violation of his federal legal rights.

For the foregoing reasons, the Court DISMISSES the action without prejudice to Petitioner's pursuit of relief in state court or with state bar authorities.

Thereafter, Petitioner filed a new habeas action, namely this one. Initially, he complained about an improper conviction, although his submissions were very difficult to understand, in part because he did not use the Court's required form petition. Accordingly, the Court dismissed the initial petition in the above-captioned case with leave to amend, and directed the Clerk to send Petitioner a copy of the required form.

Now before the Court is Petitioner's [First] Amended Petition (1AP). In it, Petitioner has reverted to his old fraud allegations against his former car-accident lawyer, which provide no basis for habeas relief, as the Court explained in his prior case here.

The Court previously granted Petitioner leave to amend, but he markedly worsened his pleading instead of improving it and returned to allegations that the Court pointedly told him have no place in federal court, particularly in a habeas action. Accordingly, the Court exercises its discretion not to grant him leave to amend again.

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: June 20, 2012

*[signature: Gary Feess]*

GARY A. FEESS
UNITED STATES DISTRICT JUDGE